Filed 4/21/08          NO. 4-07-0504

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

BRIAN MIRANDA,                              )    Appeal from
          Plaintiff-Appellant,              )    Circuit Court of
          v.                                )    Sangamon County
LISA MADIGAN, Attorney General, State       )    No. 07MR33
of Illinois; and THE DEPARTMENT OF          )
STATE POLICE,                               )    Honorable
          Defendants-Appellees.             )    Robert J. Eggers,
                                            )    Judge Presiding.
_____

          JUSTICE COOK delivered the opinion of the court:

          In January 2007, plaintiff, Brian Miranda, filed a pro

se complaint for a declaratory judgment against defendants, Lisa

Madigan, the Attorney General of Illinois, and the Illinois

Department of the State Police.  He sought a declaration that he

need not register under the Child Murderer and Violent Offender

Against Youth Registration Act (Registration Act) (730 ILCS 154/1

through 9999 (West 2006)) upon his release from prison.  The

trial court dismissed the complaint.  Plaintiff appeals.  We

affirm.

I. BACKGROUND

          In January 2007, plaintiff filed a pro se complaint for

a declaratory judgment.  He alleged that he is serving a 30-year

sentence for first degree murder based on a gang-related homicide

that occurred in 1993.  At the time of the offense, plaintiff was

17 years old and the victim was 15 years old.  In his complaint,

plaintiff stated that the Registration Act requires him to register as a child murderer with local law enforcement upon his release from prison and for the rest of his life. His failure to register would constitute a felony.

Plaintiff contended that the Registration Act is retroactive as applied to him and it creates a new obligation, imposes a new duty, and increases his liability for past conduct, which violates his due-process rights. He also claimed that the statute violates the general savings clause (savings clause). 5 ILCS 70/4 (West 2006). However, plaintiff denied that he was challenging the Registration Act as an ex post facto punishment. Plaintiff sought a declaration that he need not register as a child murderer.

Defendants filed a motion to dismiss under sections 2-615 (735 ILCS 5/2-615 (West 2006)) and 2-619 (735 ILCS 5/2-619 (West 2006)) of the Code of Civil Procedure. Defendants argued that the application of the Registration Act to plaintiff would not violate his due-process rights because prior to its enactment in 2006, child murderers were already required to register under a similar statute, the Sex Offender Registration Act (SORA) (730 ILCS 150/1 through 12 (West 2006)). The Supreme Court of Illinois had upheld SORA despite the fact that it applied retroactively to offenders who committed their crimes prior to its enactment. People v. Malchow, 193 Ill. 2d 413, 418-19, 739

N.E.2d 433, 437-38 (2000).

Defendants also contended that plaintiff's argument that the statute imposed a new liability on him essentially was an ex post facto argument, despite his disclaiming that argument, and noted that the courts had rejected such arguments regarding offender registration and notification laws because they do not impose additional punishments. Additionally, defendants noted that the savings clause does not apply to plaintiff's case.

The trial court granted defendants' motion to dismiss on April 4, 2007, "[f]or the reasons stated by the Defendants in their Motion to Dismiss." On April 25, 2007, plaintiff filed a motion to reconsider, which the court denied on June 8, 2007. This appeal followed.

## II. ANALYSIS

On appeal, plaintiff presents six issues for review. Five of them address plaintiff's ultimate contention that he should not have to register as a child murderer upon his release from prison. He presents those issues as follows: (1) whether plaintiff had a duty to register as a child murderer or sex offender at the time of his conviction; (2) whether the Registration Act is a civil or criminal statute; (3) whether the Registration Act has a retroactive effect; (4) whether the Registration Act violates plaintiff's due-process rights by imposing a new duty or obligation and increased liability; and (5) whether

the savings clause applies to the Registration Act. Plaintiff's sixth argument is that the trial court erred by dismissing his entire complaint where defendants did not provide a reason to dismiss paragraphs 9 through 12 in their memorandum in support of their motion to dismiss. We review de novo a trial court's decision to grant a motion to dismiss. Nestle USA, Inc. v. Dunlap, 365 Ill. App. 3d 727, 731, 852 N.E.2d 282, 286 (2006).

## A. Background

Because the Registration Act has been in effect only since 2006, no published decisions address constitutional challenges to it. However, Illinois courts have considered constitutional challenges to SORA and its predecessors, from which the Registration Act developed and to which the Registration Act is very similar.

In 1986, the legislature enacted the Habitual Child Sex Offender Registration Act, which was the first statute to require certain offenders to register upon their release from prison. Ill. Rev. Stat. 1987, ch. 38, par. 221. In 1993, that act was renamed the Child Sex Offender Registration Act. 730 ILCS 150/1 (West Supp. 1993). Then, in 1996, the Child Sex Offender Registration Act was renamed SORA and extensively amended. 730 ILCS 150/1 (West 1996). While the 1986 and 1993 versions of the statute only required sex offenders to register, the 1996 amendments expanded the registration requirement to those who commit-

ted certain violent offenses against children that did not necessarily have a sexual component. Among the offenses that required offenders to register under SORA was "[f]irst degree murder under Section 9-1 of the Criminal Code of 1961[,] when the victim was a person under 18 years of age, the defendant was at least 17 years of age at the time of the commission of the offense, and the offense was committed on or after June 1, 1996." 730 ILCS 150/2(B)(1.6) (West 1996). Plaintiff was not required to register under the 1996 version of SORA because he committed his offense in 1993.

In 2004, the legislature deleted the language in SORA that provided that only those who committed the first degree murder of a child after June 1, 1996, were obligated to register. 730 ILCS 150/2(B)(1.6) (West 2004). However, it added the condition that child murderers who committed their offenses before June 1, 1996, had to register if they were incarcerated in an Illinois Department of Corrections facility on August 20, 2004. 730 ILCS 150/2(C-5) (West 2004). Accordingly, plaintiff was required to register under the 2004 version of SORA.

The legislature amended SORA yet again in 2006 to require only those child murderers whose offenses were "sexually motivated" to register as sex offenders. 730 ILCS 150/2(B)(1.6) (West 2006). Though the 2006 amendment relieved plaintiff of his obligation to register under SORA, the legislature simultaneously

- 5 -

enacted the Registration Act. Pub. Act 94-945, §1025, eff. June 27, 2006 (2006 Ill. Legis. Serv. 2113, 2113-17 (West)). In language that mirrors the 2004 version of SORA, the Registration Act requires a person who was at least 17 years of age at the time he committed the offense of first degree murder against a person under 18 years of age to register for natural life as a child murderer; even if the offense was committed before June 1, 1996, the person must register if he was incarcerated on August 20, 2004. 730 ILCS 154/5(c-5) (West 2006).

## B. Ex Post Facto

Defendants maintain that the bulk of plaintiff's argument is that the Registration Act is an ex post facto law as applied to him, as illustrated by the first three issues he presents: (1) whether he had a duty to register at the time of his conviction, (2) whether the Registration Act is "criminal" in nature, and (3) whether the Registration Act is retroactive. We agree. The answer to two of the questions is yes: plaintiff did not have a duty to register as a child murderer or sex offender at the time of his conviction (see 730 ILCS 150/2(B)(1.6) (West 1996)), so the Registration Act is retroactive as applied to him. See, e.g., Malchow, 193 Ill. 2d at 418-19, 739 N.E.2d at 438. As to whether the Registration Act is "criminal," we note that though the Illinois Supreme Court has determined that similar

laws are not "punitive" or "penal" (see <u>Malchow</u>, 193 Ill. 2d at 424, 739 N.E.2d at 440; <u>People v. Adams</u>, 144 Ill. 2d 381, 387, 581 N.E.2d 637, 640 (1991)), the Registration Act does impose criminal sanctions for failure to register. See 730 ILCS 154/60 (West 2006). Even so, the answers to plaintiff's first three questions are not dispositive of his claim that requiring him to register as a child murderer violates his due-process rights.

Under <u>ex</u> <u>post</u> <u>facto</u> principles, a law can properly have a retroactive effect as long as the law is not also "disadvanta-geous" to the defendant. That is, a law is <u>ex</u> <u>post</u> <u>facto</u> only if it is <u>both</u> retroactive and disadvantageous. <u>Malchow</u>, 193 Ill. 2d at 418, 739 N.E.2d at 438. "A law disadvantages a defendant if it criminalizes an act that was innocent when done, increases the punishment for a previously committed offense, or alters the rules of evidence by making a conviction easier." <u>Malchow</u>, 193 Ill. 2d at 418, 739 N.E.2d at 438. The first and last conditions are clearly not implicated here.

Even if a law imposes a duty or obligation on a defen-dant that did not exist at the time of conviction, it does not violate <u>ex</u> <u>post</u> <u>facto</u> prohibitions where the legislature did not have the intent to provide for further punishment and the stat-ute's effect is not so punitive that it negates the legislature's nonpunitive intent. See <u>Malchow</u>, 193 Ill. 2d at 420-21, 739 N.E.2d at 438-39. The Illinois Supreme Court has determined that

the legislature intended to protect the public, not punish sex offenders and child murderers, by enacting SORA and other predecessors to the Registration Act. Malchow, 193 Ill. 2d at 420, 739 N.E.2d at 438. Further, the effect of such statutes is nonpunitive. Malchow, 193 Ill. 2d at 424, 739 N.E.2d at 440. In coming to the latter conclusion, the court specifically found that registration and notification laws do not place an affirmative disability or restraint on offenders, or, in plaintiff's words, they do not impose increased liability. Malchow, 193 Ill. 2d at 421, 739 N.E.2d at 439 (no affirmative disability or restraint because offenders' movements and activities are not restricted); see also Adams, 144 Ill. 2d at 387-88, 581 N.E.2d at 640-41 (registration requirement is innocuous duty that falls short of being a severe disability).

### C. General Savings Clause

Plaintiff's claim that the Registration Act is retroactive also bears on plaintiff's argument that the savings clause (5 ILCS 70/4 (West 2006)) renders the Registration Act inapplicable to him. Section 4 of the savings clause prohibits "construing a new statute to affect penalties, punishments, or rights accrued." People v. Glisson, 202 Ill. 2d 499, 506-07, 782 N.E.2d 251, 256 (2002); 5 ILCS 70/4 (West 2006). However, "procedural changes, even those which work to the disadvantage of a defen-

dant, may be applied retroactively if they do not create a new offense or increase punishment." People v. Starnes, 273 Ill. App. 3d 911, 915, 653 N.E.2d 4, 7 (1995). "Statutes imposing some collateral consequence upon a conviction may be applied retroactively if their purpose is not to punish the offender but to protect some other legitimate public interest." Starnes, 273 Ill. App. 3d at 915, 653 N.E.2d at 7.

Registration and notification laws, such as the Registration Act, are procedural in nature, not punitive. See Starnes, 273 Ill. App. 3d at 915, 653 N.E.2d at 7. As previously noted, the legislature's intent in enacting such laws was to provide additional protection to the public. Malchow, 193 Ill. 2d at 420, 739 N.E.2d at 438 (Sex Offender and Child Murderer Community Notification Law was intended to protect the public); Adams, 144 Ill. 2d at 386, 581 N.E.2d at 640 (Habitual Child Sex Offender Registration Act created an additional method of protection for children and was designed to aid law-enforcement agencies). Because they only impose collateral consequences, they may be applied retroactively. Starnes, 273 Ill. App. 3d at 915, 653 N.E.2d at 7.

D. Dismissal of Paragraphs 9 Through 12 of the Complaint

Finally, defendant argues that the trial court erred in dismissing his entire complaint. He notes that the court stated that it dismissed the complaint for the reasons stated by the defendants in their motion to dismiss, but defendants did not

- 9 -

give a reason to dismiss paragraphs 9 through 12 of his complaint in their memorandum in support of their motion. Paragraphs 9 through 12 allege that the Registration Act creates a new obligation and imposes a new duty. Though defendants' motion to dismiss addresses plaintiff's new-duty-and-obligation argument, plaintiff reasons that argument is still viable because the memorandum does not. In fact, defendants' memorandum contains an entire section titled "Registration Under the Child Murderer Community Notification Law Does not Impose a New Liability," which references plaintiff's claim that the Registration Act imposes "a new duty and liability" on plaintiff. Further, plaintiff cites no authority for the novel argument that a trial court may not dismiss a complaint where the motion to dismiss and accompanying memorandum do not exactly mirror each other.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH and STEIGMANN, JJ., concur.