NOTICE

Decision filed 03/03/11. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0402

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| WADE LESHER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 08-MR-87 |
| | ) | |
| LARRY TRENT, Director, Illinois State Police; | ) | |
| JORGE MONTES, Chairman, Illinois Prisoner | ) | |
| Review Board; and ROGER E. WALKER, JR., | ) | |
| Director, Illinois Department of Corrections, | ) | Honorable |
| | ) | William J. Becker, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE CHAPMAN delivered the judgment of the court, with opinion. Justices Spomer and Wexstten concurred in the judgment and opinion.

**O P I N I O N**

The plaintiff, Wade Lesher, appeals an order of the trial court dismissing his complaint for a writ of *mandamus*. The complaint sought to compel the defendants to correct an alleged error in public records showing that the plaintiff remained subject to registration under the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2008)). The defendants filed a motion to dismiss, arguing that the plaintiff had not alleged facts demonstrating that they had a clear duty to take the requested action. The trial court agreed and dismissed the *mandamus* complaint. On appeal, the plaintiff argues that (1) the court erred in finding he did not demonstrate a clear right to relief and (2) the trial judge was not fair and impartial. At issue is whether a 2008 amendment to the Sex Offender Registration Act applies to the plaintiff. We affirm.

The Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2008)) requires

1

people convicted of certain enumerated sex offenses to register with local law enforcement officials for a period of 10 years after being released from prison. 730 ILCS 150/3, 7 (West 2008). At issue in this case is whether a provision that tolls the 10-year registration period during periods of reincarceration is applicable.

The plaintiff became subject to the registration requirement after he was convicted of aggravated criminal sexual abuse. The defendants are the director of the Illinois State Police, the chairman of the Illinois Prisoner Review Board, and the director of the Illinois Department of Corrections.

The plaintiff was convicted of aggravated criminal sexual abuse in 1991. He was released from prison in December 1994, and the period of mandatory supervised release on that charge ended in January 1997. He was subsequently incarcerated six more times on various unrelated charges. Two periods of incarceration are relevant for purposes of this appeal. In 2002, the plaintiff was incarcerated for three months and released on November 22. The record does not reveal what charges led to this incarceration. Although apparently the defendants initially believed that this offense was related to the plaintiff's 1991 sex offense, they later determined that there was no reason to believe that this period of incarceration was related to the original offense or any other sex offense. From July 2003 through January 2009, the plaintiff was again incarcerated, this time on charges of robbery and residential burglary. At some point, shortly before his release, he learned that he was expected to comply with the requirements of the Sex Offender Registration Act upon his release.

In December 2008, the plaintiff filed a *pro se* complaint for a writ of *mandamus*. He requested that the defendants be ordered to "correct the public records" to reflect the fact that his duty to comply with the Sex Offender Registration Act ended 10 years after his 1994 release from prison on the aggravated-criminal-sexual-abuse charge.

2

The defendants filed a motion to dismiss, arguing that the plaintiff was not entitled to the relief requested because he was required to register until November 2012. This date was based on a release date of November 2002. As previously noted, the defendants mistakenly believed that the defendant's three-month incarceration in 2002 was related to his original sex offense. They later acknowledged that this was a mistake. They argued, however, that a 2008 amendment to the Sex Offender Registration Act was retroactively applicable. Prior to June 2008, the Sex Offender Registration Act provided that a sex offender must register for a period of 10 years after a final discharge or release. 730 ILCS 150/7 (West 2006). Another provision required offenders to register in person with law enforcement agencies, a requirement that would be impossible to comply with while incarcerated. 730 ILCS 150/3 (West 2006). However, the statute did not expressly address the effect of periods of reincarceration until the 2008 amendment specifically provided that those periods would toll the running of the 10-year registration period. 730 ILCS 150/7 (West 2008); Pub. Act 95-513 (eff. June 1, 2008). The defendants pointed out that the Sex Offender Registration Act and previous amendments to the act have been held to be retroactively applicable. See *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433, 438 (2000); *Miranda v. Madigan*, 381 Ill. App. 3d 1105, 1109, 888 N.E.2d 158, 162 (2008). Thus, they argued that the 2008 amendment was applicable retroactively as well. The court agreed with this argument and, therefore, dismissed the plaintiff's complaint for *mandamus*. The plaintiff filed a motion to reconsider, which the court denied. This appeal followed.

On appeal, the plaintiff argues that the trial court erred in dismissing his complaint because he showed that the defendants had a clear duty to act. This is so, he argues, for three reasons. First, he argues that the defendants did not have the authority to extend the period during which he was required to register as a sex offender. We note that, in substance, this is an argument that the provision in the 2008 amendment does not apply to him. Second, the

3

plaintiff argues that the retroactive application of the amendment constitutes an impermissible *ex post facto* punishment. Third, he contends that because the defendants failed to notify him of the 2008 amendment, they cannot now "reap the rewards" of applying the amendment to him. The plaintiff further contends that we must reverse because the trial judge was not fair and impartial. We reject all four contentions.

In order to be entitled to *mandamus* relief, a plaintiff must show that a public official has a clear duty to perform some nondiscretionary official act. *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433-34, 876 N.E.2d 659, 663-64 (2007). In this case, whether the defendants have a clear duty to act depends on whether the plaintiff is still required to register under the Sex Offender Registration Act. This, in turn, depends on whether the 10-year registration period is tolled during periods of incarceration. To answer that question, we must determine whether the provision contained in the 2008 statutory amendment applies to the plaintiff. As we noted earlier, the plaintiff frames the question as whether the defendants have the authority to extend the period during which he is required to register. We disagree with this characterization because the defendants' authority to require the plaintiff to register is prescribed by statute. The question is not whether they can extend the registration requirement beyond the period imposed by statute; clearly, they cannot do so, and they do not argue that they can. Instead, the question is whether they have correctly determined that the statute still requires the plaintiff to register.

In response, the defendants argue that the amendment was not a change in the law at all. Instead, the defendants contend, the 2008 amendment merely clarified existing law. They acknowledge that they did not raise this argument to the trial court, but they urge us to consider it because an appellate court may affirm a trial court's ruling on any basis appearing in the record. See *Rodriguez*, 376 Ill. App. 3d at 433, 876 N.E.2d at 663. Alternatively, they argue that the court correctly determined that the amendment applies

4

retroactively. We find that the amendment merely clarifies existing law.

Prior to the 2008 amendment, the statute provided, in relevant part, as follows:

"Any *** person who is required to register *** shall be required to register for a period of 10 years after conviction or adjudication if not confined to a penal institution, hospital[,] or any other institution or facility, and if confined, for a period of 10 years after parole, discharge[,] or release from any such facility. *** Liability for registration terminates at the expiration of 10 years from the date of conviction or adjudication if not confined to a penal institution, hospital[,] or any other institution or facility and if confined, at the expiration of 10 years from the date of parole, discharge[,] or release from any such facility ***." 730 ILCS 150/7 (West 2006).

The 2008 amendment added the following sentence:

"Reconfinement due to a violation of parole or other circumstances that do not relate to the original conviction or adjudication shall toll the running of the balance of the 10-year period of registration, which shall not commence running until after final parole, discharge, or release." 730 ILCS 150/7 (West 2008); Pub. Act 95-513 (eff. June 1, 2008).

Another provision of the Sex Offender Registration Act has always required sex offenders to register in person with local law enforcement agencies. 730 ILCS 150/3 (West 2006). Obviously, it is not possible for an offender who is incarcerated on an unrelated charge to comply with this requirement. Thus, prior to the 2008 amendment, the statute was ambiguous regarding whether it required a sex offender to register for a total of 10 years or until 10 years had elapsed, regardless of how much of that time the offender is actually out of prison and able to comply with the registration requirements. For the reasons that follow, we find that the 2008 amendment clarifies this ambiguity.

When interpreting a statute, we must read the statute as a whole and consider the

5

purpose for which it was enacted. *People v. Davis*, 199 Ill. 2d 130, 135, 766 N.E.2d 641, 644 (2002). The purpose of the Sex Offender Registration Act is to enhance public safety by enabling law enforcement agencies to keep track of sex offenders. *Malchow*, 193 Ill. 2d at 420, 739 N.E.2d at 438. Construing the pre-2008 version of section 7 in light of this purpose, we find that it was always intended to require an offender to register for a total of 10 years. If a sex offender remains at large for 10 years without reoffending, it seems reasonable to conclude that he is unlikely to reoffend. Thus, allowing his duty to register to expire 10 years after his release fully serves the purpose of enhancing public safety. On the other hand, if an offender is in prison for much of the 10 years with no opportunity to reoffend, it is not as clear that he no longer poses a danger to the community. Thus, the purpose of the registration requirement is only served if such an offender is required to register as a sex offender for a total of 10 years. We thus conclude that the statute has always required sex offenders to register for a total of 10 years, and the 2008 amendment merely clarified this requirement.

The plaintiff next contends that the retroactive application of the amendment increases the punishment for his offense in violation of the constitutional prohibitions on *ex post facto* punishment. See U.S. Const., art. I, §10; Ill. Const. 1970, art. I, §16. We have already concluded that the amendment clarified existing law. However, even assuming that the amendment is seen as a change in the law, we would not find this contention persuasive. An *ex post facto* law is a law that increases the punishment for a crime after it has been committed. *Garner v. Jones*, 529 U.S. 244, 249 (2000). The key word in this definition is "punishment." The supreme court has long held that the requirement of registration under the Sex Offender Registration Act does not constitute punishment. *People v. Adams*, 144 Ill. 2d 381, 389, 581 N.E.2d 637, 641 (1991). The purpose of the Sex Offender Registration Act is to enhance public safety, not to punish the offenders required to register. *Malchow*, 193

6

Ill. 2d at 420, 739 N.E.2d at 438; *Adams*, 144 Ill. 2d at 388, 581 N.E.2d at 641. Although registration does impose a burden on those required to register, the burden is not substantial enough to constitute punishment. *Adams*, 144 Ill. 2d at 387-88, 581 N.E.2d at 640-41. Because registration is not punishment, the retroactive application of the Sex Offender Registration Act and its amendments does not violate principles of *ex post facto*. *Malchow*, 193 Ill. 2d at 424, 739 N.E.2d at 440; *Rodimel v. Cook County Sheriff's Office*, 354 Ill. App. 3d 744, 748, 822 N.E.2d 7, 11 (2004).

The plaintiff next argues that he could not be required to register due to the defendants' failure to notify him of the 2008 amendment. We disagree. All people are presumed to know the law. This basic premise includes a presumption that people know what the collateral consequences of any criminal actions might be. *People v. Terneus*, 239 Ill. App. 3d 669, 672, 607 N.E.2d 568, 570 (1992). Even assuming that the 2008 amendment modified, rather than clarified, existing law, its applicability to the plaintiff did not depend on notice from the defendants.

Finally, the plaintiff argues that the trial judge in this matter was not fair and impartial. Trial judges are presumed to be fair and impartial. A party alleging judicial bias must overcome this presumption. *Eychaner v. Gross*, 202 Ill. 2d 228, 280, 779 N.E.2d 1115, 1146 (2002). Adverse rulings alone are almost never sufficient to support a claim of judicial bias, even if those rulings are alleged to be erroneous. *Eychaner*, 202 Ill. 2d at 280, 779 N.E.2d at 1146. The party claiming bias must show either a personal bias stemming from some source other than the litigation (*Eychaner*, 202 Ill. 2d at 280, 779 N.E.2d at 1146) or comments made in the course of the proceedings that " 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible' " (*Eychaner*, 202 Ill. 2d at 281, 779 N.E.2d at 1147 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))). The plaintiff's allegations in this case do not meet this standard.

7

The plaintiff alleges that the trial judge told him that his case could move straight to an appeal. He argues that this statement demonstrates that the court was predisposed to rule against the plaintiff without hearing all of his arguments. There are no transcripts from the hearing in this matter, and the plaintiff has not provided us with a bystander's report. See Ill. S. Ct. R. 323(c) (eff. Dec. 13, 2005) (providing procedures to include a report of proceedings in the record on appeal where no transcript exists). Thus, we cannot consider the comment. See *People v. Salgado*, 263 Ill. App. 3d 238, 245, 635 N.E.2d 1367, 1372 (1994) (explaining that it is the appellant's burden to provide the reviewing court with a complete record and that any doubts created by an incomplete record will be resolved against the appellant). Moreover, even if we could consider the alleged statement, the exact context of the comment is unclear. It is clear, however, that the court did in fact consider the plaintiff's claims. After the hearing, the court allowed both parties the opportunity to present written arguments before the court ruled. In denying the plaintiff's motion to reconsider, the court noted that the plaintiff presented his arguments "articulately and forcefully," but it found that precedent controlled the case.

The plaintiff also contends that the court refused even to rule on the issue he presented. As previously noted, the plaintiff has framed the issue in this case as whether the defendants have the authority to extend the period of registration required under the Sex Offender Registration Act. For the reasons previously discussed, we do not believe that this is the issue. The record shows that the court carefully considered whether the Sex Offender Registration Act required the plaintiff to continue to register. Thus, we reject the plaintiff's contention that the court refused to consider any issue he presented for its consideration. We find that he has not met his burden of demonstrating judicial bias.

For the foregoing reasons, we conclude that the trial court correctly determined that the plaintiff was not entitled to the *mandamus* relief he sought. We further conclude that the

8

plaintiff did not demonstrate that the court was biased.  Thus, we affirm the court's order

granting the defendants' motion to dismiss.


Affirmed.

NO. 5-09-0402

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| WADE LESHER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 08-MR-87 |
| | ) | |
| LARRY TRENT, Director, Illinois State Police; | ) | |
| JORGE MONTES, Chairman, Illinois Prisoner | ) | |
| Review Board; and ROGER E. WALKER, JR., | ) | |
| Director, Illinois Department of Corrections, | ) | Honorable |
| | ) | William J. Becker, |
| Defendants-Appellees. | ) | Judge, presiding. |

**Opinion Filed**: March 3, 2011

**Justices**: Honorable Melissa A. Chapman, P.J.

Honorable Stephen L. Spomer, J., and
Honorable James M. Wexstten, J.,
Concur

**Attorney**
**for**
**Appellant**
*Pro se*

Wade Lesher, Registration No.: N-51048, Big Muddy Correctional Center, P.O. Box 1000, Ina, IL 62846-1000

**Attorneys**
**for**
**Appellees**

Lisa Madigan, Attorney General, State of Illinois, Michael A. Scodro, Solicitor General, Jan E. Hughes, Assistant Attorney General, 100 W. Randolph Street, 12th Floor, Chicago, IL 60601