(No. 88228.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CARL MALCHOW, Appellant.

*Opinion filed September 21, 2000.—Rehearing denied*
*November 27, 2000.*

HEIPLE, J., dissenting.

Robert P. Will, Jr., of Waukegan, for appellant.

James E. Ryan, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Joel D. Bertocchi, Solicitor General, and William L. Browers and Jay Paul Hoffmann, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE RATHJE delivered the opinion of the court:
At issue in this appeal is whether defendant has met his burden of showing that the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 *et seq.* (West 1998)) and the Sex Offender and Child Murderer Community Notification Law (Notification Law) (730 ILCS 152/101 *et seq.* (West 1998)) are unconstitutional. We hold that he has not.

## BACKGROUND
On December 17, 1997, the State indicted defendant, Carl Malchow, with one count of failure to register as a sex offender (730 ILCS 150/10 (West 1998)). The State alleged that defendant was required to register as a sex offender because of his 1988 conviction of aggravated

criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16). Defendant moved to declare the Registration Act and the Notification Law unconstitutional. The trial court denied the motion. Following a stipulated bench trial, the court found defendant guilty. The court sentenced him to 18 months' conditional discharge and fined him $500. Defendant appealed, and the appellate court affirmed defendant's conviction. The court reaffirmed its earlier holding in *People v. Logan*, 302 Ill. App. 3d 319 (1998), that the Registration Act and the Notification Law are constitutional. 306 Ill. App. 3d 665. The court, however, reversed defendant's sentence because it was illegal and void. Because the trial court failed to sentence defendant to the mandatory minimum of seven days' confinement in the county jail, the appellate court remanded the cause for resentencing. 306 Ill. App. 3d 676. We granted defendant's petition for leave to appeal to determine whether the Registration Act and the Notification Law are constitutional.

Defendant argues that the Registration Act and the Notification Law are unconstitutional for the following reasons: (1) they violate the constitutional prohibition against the *ex post facto* application of laws; (2) they impose cruel, unusual, and disproportionate punishment; (3) they impermissibly infringe upon a person's right to privacy; (4) they subject a defendant to double jeopardy; (5) they violate the due process and equal protection clauses; and (6) Public Act 89—8, which made the Registration Act and Notification Law applicable to defendant, was passed in violation of the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)).

The Registration Act and Notification Law set out a comprehensive scheme providing for the registration and community notification of sex offenders. Pursuant to the Registration Act, all persons who are sex offenders (730

ILCS 150/2(A) (West 1998)) under the Act are required to register with local law enforcement officials (730 ILCS 150/3 (West 1998)). The category of sex offenders includes any person who is convicted of one of the Registration Act's enumerated sex offenses or who is certified as a sexually dangerous person pursuant to the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq.* (West 1998)).

The registrant must provide identification and documentation that substantiates proof of residence at the registering address and must pay a $10 registration fee and $5 annual renewal fee.[1] 730 ILCS 150/3(c)(6) (West 1998). Additionally, the registrant must provide a written and signed statement, and registration may also include the registrant's fingerprints and photograph. 730 ILCS 150/8 (West 1998). Registrants must keep law enforcement officials notified of any change in address and must report periodically to the appropriate law enforcement agency. 730 ILCS 150/6 (West 1998). The duty to register lasts for 10 years after a conviction, or, in the case of a sexually dangerous person who is released or found to be no longer sexually dangerous and discharged, for the rest of his or her natural life. 730 ILCS 150/7 (West 1998). Failure to comply with the Registration Act is a Class 4 felony. 730 ILCS 150/10 (West 1998).

Pursuant to the Notification Law, the Department of State Police is required to maintain a sex offender database for the purpose of identifying sex offenders and making information about them available to the persons specified in the Act. 730 ILCS 152/115 (West 1998). The appropriate law enforcement agency is responsible for disclosing the name, address, date of birth, and offense or adjudication of all sex offenders required to register pursuant to the Registration Act. The information is disclosed to the school board, school principals, and child

---

[1]Defendant raises no constitutional challenge to these fees.

care facilities in the county where the offender resides. 730 ILCS 152/120(a) (West 1998). Additionally, that same information may be disclosed to any person likely to encounter a sex offender (730 ILCS 152/120(b) (West 1998)), and the information is also made available for public inspection at municipal police departments and county sheriff's offices. 730 ILCS 152/120(c) (West 1998).

## ANALYSIS

### Standard of Review

A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. *In re K.C.*, 186 Ill. 2d 542, 550 (1999). This court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it can be reasonably done. *People v. Fisher*, 184 Ill. 2d 441, 448 (1998). Whether a statute is constitutional is a question of law that we review *de novo. Fisher*, 184 Ill. 2d at 448.

### *Ex Post Facto* Law

Defendant first argues that the Registration Act and the Notification Law violate the constitutional prohibitions against *ex post facto* laws. See U.S. Const., art. I, §§ 9, 10; Ill. Const. 1970, art. I, § 16. These constitutional provisions restrain Congress and the state legislatures from enacting arbitrary or vindictive legislation and assure that statutes give fair warning of their effect. *Fletcher v. Williams*, 179 Ill. 2d 225, 229 (1997). A law is *ex post facto* if it is both retroactive and disadvantageous to the defendant. *Fletcher*, 179 Ill. 2d at 230. A law disadvantages a defendant if it criminalizes an act that was innocent when done, increases the punishment for a previously committed offense, or alters the rules of evidence by making a conviction easier. *People v. Franklin*, 135 Ill. 2d 78, 107 (1990).

There is no question that the Registration Act and the Notification Law have retroactive effect. At the time

of defendant's offense, he was not required to register as a sex offender. Under the version of the Act at issue in this case, he is required to register. See 730 ILCS 150/ 2(A)(1), (B)(1), 3(c)(2) (West 1998).

Defendant further contends that the Registration Act and the Notification Law disadvantage him because they increase the punishment for previously committed offenses. Resolution of this contention turns on the question of whether the provisions of the Registration Act and the Notification Law constitute punishment. In *People v. Adams*, 144 Ill. 2d 381 (1991), we upheld an earlier version of the Registration Act. As part of that decision, we held that requiring sex offenders to register is not punishment. *Adams*, 144 Ill. 2d at 386-90. *Adams* does not completely dispose of defendant's argument, however, because the community notification provisions were not in effect at the time of that decision. We thus consider defendant's *ex post facto* argument as it relates to the Notification Law.

In *Kansas v. Hendricks*, 521 U.S. 346, 138 L. Ed. 2d 501, 117 S. Ct. 2072 (1997), the United States Supreme Court considered whether Kansas' Sexually Violent Predator Act constituted punishment. The defendant in that case argued that the Kansas law violated the *ex post facto* clause because it imposed additional punishment for past conduct for which he had already been convicted and forced to serve a prison sentence. The Supreme Court first considered the legislative intent behind the law and held that the Kansas legislature intended to create a civil commitment scheme. *Hendricks*, 521 U.S. at 361, 138 L. Ed. 2d at 515, 117 S. Ct. at 2082. The Supreme Court then examined several factors to determine whether the law had a punitive effect despite its nonpunitive intent, and concluded that it did not. *Hendricks*, 521 U.S. at 362-69, 138 L. Ed. 2d at 515-19, 117 S. Ct. at 2082-85. Subsequently, several states have used

the "intent-effects" test to determine whether sex offender registration and/or notification laws amount to punishment in violation of the *ex post facto* clause. See, *e.g., Keller v. Fayetteville Police Department,* 339 Ark. 274, 5 S.W.3d 402 (1999); *People v. Logan,* 302 Ill. App. 3d 319, 327-31 (1998); *State v. Pickens,* 558 N.W.2d 396 (Iowa 1997); *State v. Cook,* 83 Ohio St. 3d 404, 700 N.E.2d 570 (1998); *Meinders v. Weber,* 604 N.W.2d 248 (S.D. 2000).

We first consider the legislative intent behind the Notification Law. In *Adams,* we held that the legislature's intent in requiring registration of sex offenders was to create an additional measure of protection for children from the increasing incidence of sexual assault and child abuse. *Adams,* 144 Ill. 2d at 387. We likewise believe that protection of the public, rather than punishing sex offenders and child murderers, is the intent of the Notification Law.

Defendant argues that public notification is the modern day equivalent of "branding and shaming," and that "historically, stigmatization and banishment have been considered punitive measures." A simple reading of the act shows, however, that the intent of the Notification Law is not to stigmatize and shame sex offenders. Rather, the Act is carefully tailored so that the information is disseminated in such a way as to protect the public. The name, address, date of birth, and offense or adjudication of sex offenders is given to school boards and child care facilities. Additionally, the information may be given to anyone likely to encounter a sex offender. Otherwise, the information, which is already a matter of public record, is kept at law enforcement headquarters and is available on request. The limited dissemination of the information clearly demonstrates that the Notification Law is intended to protect the public rather than to punish sex offenders.

Even if the legislature's intent is not to create a punitive scheme, in certain circumstances the legislature's intent will be disregarded where the party challenging the statute demonstrates by "the clearest proof" that the statute's effect is so punitive that it negates the legislature's intent. *Hendricks*, 521 U.S. at 361, 138 L. Ed. 2d at 515, 117 S. Ct. at 2082.

Courts have generally looked to the factors enunciated in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 9 L. Ed. 2d 644, 83 S. Ct. 554 (1963), to determine whether a statute has a punitive effect despite its nonpunitive intent. See, *e.g.*, *Hendricks*, 521 U.S. at 362-69, 138 L. Ed. 2d at 515-19, 117 S. Ct. at 2082-85; *Keller*, 339 Ark. at 282-87, 5 S.W.3d at 407-10; *People v. Logan*, 302 Ill. App. 3d 319, 329-31 (1998); *Meinders*, 604 N.W.2d at 256-62; *Cook*, 83 Ohio St. 3d at 418-23, 700 N.E.2d at 582-85; *Pickens*, 558 N.W.2d at 398-400. Those factors are: (1) whether the "sanction" involves an affirmative disability or restraint; (2) whether the sanction has been historically regarded as punishment; (3) whether the sanction comes into play only on a finding of *scienter*; (4) whether operation of the sanction will promote retribution and deterrence; (5) whether the behavior to which the sanction applies is already a crime; (6) whether an alternative purpose to which the sanction may rationally be connected is assignable for it; and (7) whether the sanction appears excessive in relation to the alternative purpose assigned. *Mendoza-Martinez*, 372 U.S. at 168-69, 9 L. Ed. 2d at 661, 83 S. Ct. at 567-68.

These factors clearly weigh in favor of the conclusion that the Notification Law's effect is not so punitive that it defeats the legislature's intent. First, the Notification Law does not place an *affirmative* disability or restraint on sex offenders. Their movements and activities are not restricted in any way. Defendant suggests that the Notification Law leads to public shaming and restricts

the ability of sex offenders to reenter the community. The information, however, is not disseminated to the community as a whole. Rather, the information is distributed only to child care facilities, school boards, and those persons likely to encounter a sex offender. Granted, that information is also available for public inspection at local law enforcement agencies. As the *Pickens* court noted, though, that information is "already a matter of public record and dissemination of registration information does not place new information into the public domain." *Pickens*, 558 N.W.2d at 399. Moreover, defendant's argument consists of speculation about the collateral consequences of community notification, which is irrelevant to the question of whether the Notification Law places an *affirmative* disability or restraint on sex offenders.

We next consider whether community notification has traditionally been regarded as punishment. Defendant argues that, historically, stigmatization and banishment have been considered punitive measures. Although that may be true, the Notification Law does not provide for "stigmatization and banishment." Rather, it provides for a limited dissemination of matters of public record to school boards, child care facilities, and those likely to encounter sex offenders. This limited distribution clearly is not analogous to stigmatization penalties such as branding, stockading, pillorying, or banishment. Further, "[d]issemination of such information has never been regarded as punishment when done in furtherance of a legitimate governmental interest." *E.B. v. Verniero*, 119 F.3d 1077, 1099-1100 (3d Cir. 1997).

The next factor is whether the Notification Law has a *scienter* requirement. Clearly it does not. The only requirement for the notification provisions to become effective is that the offender is released into the community. Accordingly, this factor does not indicate a punitive intent.

We next consider whether community notification promotes the traditional punishment goals of deterrence and retribution. As stated previously, we believe that the legislature's intention in passing the Notification Law was protection of the public from sex offenders. The limited release of information to those likely to encounter sex offenders could hardly be characterized as "retribution." As to the deterrence factor, it is possible that the Notification Law would have a deterrent effect. However, it is unlikely that those not already deterred from committing sex offenses by the possibility of a lengthy prison term will be deterred by the additional possibility of community notification. Moreover, even an obvious deterrent purpose does not necessarily make a law punitive. *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 780, 128 L. Ed. 2d 767, 779, 114 S. Ct. 1937, 1946 (1994). We believe the statute's purpose is protection of the public and that it does not significantly promote either retribution or deterrence.

The next factor is whether the Notification Law applies to behavior that is already criminal. This factor weighs in favor of defendant. The appropriate people are notified only of those people who have committed criminal actions.

The sixth factor is whether there is some purpose other than punishment that can rationally be associated with the law. As set out above, we believe the Notification Law shows on its face that its purpose is protection of the public rather than punishment.

The final factor is whether the law is excessive in relation to its alternative purpose. In other words, we consider whether the provisions of the Notification Law are excessive in relation to the goal of protecting the public from sex offenders. As already stated, the Notification Law provides for a compilation of information about sex offenders and for a limited distribution of that infor-

mation. Further, the information disseminated applies only to those people required to register as sex offenders, and the registration requirement for most offenders terminates after 10 years (see 730 ILCS 150/7 (West 1998)). We do not believe that the legislature has chosen excessive measures to implement its goal of protecting the public from sex offenders.

In sum, we conclude that defendant has not met his burden of showing that the Notification Law has such a punitive effect that the legislature's intent to create a nonpunitive scheme may be disregarded. After considering all of the relevant factors, we conclude that the requirements of the Notification Law are nonpunitive. We have previously held that requiring sex offenders to register does not constitute punishment. *Adams*, 144 Ill. 2d at 386-90. Accordingly, defendant has not been subjected to additional punishment for a previously committed offense, and his *ex post facto* claim must therefore fail.

Cruel, Unusual, and Disproportionate Punishment

Defendant next contends that the Registration Act and the Notification Law violate the constitutional prohibition against cruel and unusual punishment (U.S. Const., amend. VIII). In *Adams*, we rejected an eighth amendment challenge to the Registration Act, and held that registration of sex offenders was not punishment. *Adams*, 144 Ill. 2d at 386-90. We determined above that the Notification Law does not constitute punishment. Accordingly, defendant's argument must fail.

Defendant also argues that the Registration Act violates the provision of the Illinois Constitution that provides that, "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship" (Ill. Const. 1970, art. I, § 11). Defendant points out that failing to register as a sex offender is a Class 4 felony

(730 ILCS 150/10 (West 1998)), and that this penalty can potentially be applied to those sex offenders whose underlying conviction was for only a Class A misdemeanor (730 ILCS 150/2(B)(1.7) (West 1998)). Defendant has no standing to make this argument. A party may not raise a constitutional challenge to a provision of the statute that does not affect him or her. *People v. Rogers*, 133 Ill. 2d 1, 15 (1989). Defendant's underlying conviction was for a Class 2 felony, and he thus lacks standing to make this claim.

### Right to Privacy

Defendant next argues that the Registration Act and the Notification Law impermissibly infringe upon the constitutional right to privacy that is implied in the United States Constitution (see *Carey v. Population Services International*, 431 U.S. 678, 684, 52 L. Ed. 2d 675, 684, 97 S. Ct. 2010, 2016 (1977)) and explicitly provided for in the Illinois Constitution (Ill. Const. 1970, art. I, § 6). The right to privacy under the United States Constitution has been interpreted to apply to personal decisions involving marriage, procreation, contraception, family relationships, and child rearing and education. *Carey*, 431 U.S. at 684-85, 52 L. Ed. 2d at 684, 97 S. Ct. at 2016; *Logan*, 302 Ill. App. 3d at 333-34. The information defendant contends should not be disclosed under the Notification Law is not within any of these recognized areas of the right to privacy.

Defendant also has a right under the Illinois Constitution to be free from unreasonable invasions of privacy. This provision of our constitution "goes beyond federal constitutional guarantees by expressly recognizing a zone of personal privacy" and this provision is stated "broadly and without restrictions." *Kunkel v. Walton*, 179 Ill. 2d 519, 537 (1997). This provision, however, affords protection only against unreasonable invasions of privacy. *Kunkel*, 179 Ill. 2d at 538.

Defendant has failed to meet his burden of demonstrating that the Registration Act and Notification Law are invalid under the privacy clause of the Illinois Constitution. Defendant devotes three short sentences to arguing about the right to privacy under the United States Constitution and never argues specifically with respect to the Illinois Constitution. Defendant quotes the relevant constitutional provision at the beginning of his argument and never mentions it again. Defendant does not cite or discuss any of this court's cases that have held that the right to privacy under the Illinois Constitution is broader than its federal counterpart. See, *e.g.*, *Kunkel*, 179 Ill. 2d at 537; *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 391 (1992). In fact, beyond the quotations from the United States and Illinois Constitutions and the three sentence argument relating to the United States Constitution, defendant's right to privacy argument consists of one convoluted paragraph that seems to be a procedural due process argument rather than a right to privacy argument.

As stated earlier, a statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. *K.C.*, 186 Ill. 2d at 550. A party obviously cannot meet the burden of demonstrating a statute's invalidity under the privacy clause of the Illinois Constitution merely by quoting that clause. Accordingly, defendant's right to privacy challenge to the Registration Act and the Notification Law must fail.

## Double Jeopardy

Defendant next makes a brief argument that the Registration Act and the Notification Law subject sex offenders to double jeopardy by punishing them a second time for an offense. As we have held that the Registration Act and the Notification Law are not punitive, we must reject this claim.

Due Process and Equal Protection

Defendant next argues that the Registration Act and the Notification Law violate the due process and equal protection provisions of the United States and Illinois Constitutions. Defendant lumps both of these contentions into one seven-sentence argument. Three of those sentences are merely quotes from the United States and Illinois Constitutions. Defendant's "argument" amounts to little more than a suggestion. Glaringly absent is any reasoned or developed argument. Accordingly, defendant has utterly failed to satisfy his burden of showing that the Registration Act and the Notification Law are unconstitutional on these bases.

Single Subject

Defendant's final contention is that Public Act 89—8, which amended the Registration Act in such a way that it applied to defendant, was passed in violation of the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). Defendant's argument on this issue is once again very brief. Defendant lists the various statutes that were amended by Public Act 89—8 and claims that they do not relate to a single subject.

In determining whether a legislative enactment was passed in violation of the single subject clause, we construe the term "subject" liberally in favor of the legislature. *People v. Reedy*, 186 Ill. 2d 1, 8-9 (1999). The subject of a bill may be as broad as the legislature chooses, provided that the bill's provisions have a natural and logical connection. *Johnson v. Edgar*, 176 Ill. 2d 499, 515 (1997). The General Assembly violates the single subject rule only when it includes within one act provisions that by no fair interpretation have any natural and logical connection to a single subject. *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 354-55 (1999).

Public Act 89—8 was entitled "An Act in relation to criminal and correctional matters, amending named

Acts." Pub. Act 89—8, eff. March 21, 1995. The Act amended the Illinois Vehicle Code (625 ILCS 5/1—100 *et seq.* (West 1994)), the Juvenile Court Act of 1987 (705 ILCS 405/1—1 *et seq.* (West 1994)), the Criminal Code of 1961 (720 ILCS 5/1—1 *et seq.* (West 1994)), the Rights of Crime Victims and Witnesses Act (725 ILCS 120/1 *et seq.* (West 1994)), the Unified Code of Corrections (730 ILCS 5/1—1—1 *et seq.* (West 1994)), the Medical Practice Act of 1987 (225 ILCS 60/1 *et seq.* (West 1994)), the Code of Criminal Procedure of 1963 (725 ILCS 5/100—1 *et seq.* (West 1994)), the Statewide Grand Jury Act (725 ILCS 215/1 *et seq.* (West 1994)), the Code of Civil Procedure (735 ILCS 5/1—101 *et seq.* (West 1994)), the Interstate Agreements on Sexually Dangerous Persons Act (45 ILCS 20/0.01 *et seq.* (West 1994)), part 10.5 of the Civil Administrative Code of Illinois (20 ILCS 2605/55a *et seq.* (West 1994)), the Intergovernmental Missing Child Recovery Act of 1984 (325 ILCS 40/1 *et seq.* (West 1994)), and the Child Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 1994)).

In *People v. Wooters*, 188 Ill. 2d 500, 512-13 (1999), this court held that the legislature could pass legislation that amended several acts, as long as the amendments related to the single subject of "crime." In that case, however, we invalidated Public Act 89—203 because some of the amendments did not have any connection to the subject of crime. *Wooters*, 188 Ill. 2d at 513-18.

As stated, Public Act 89—8 was entitled "An Act in relation to criminal and correctional matters, amending named Acts." Defendant has failed to meet his burden of demonstrating that any of the provisions of Public Act 89—8 bear no natural and logical connection to this subject. By their titles, three of the acts that were amended—the Medical Practice Act of 1987, the Code of Civil Procedure, and the Civil Administrative Code—seem unrelated to crime and correctional matters. A closer look

at these provisions, however, reveals that they are related to the single subject. The amendment to the Medical Practice Act of 1987 explains that section 22 of that Act, which sets out various grounds for disciplinary action, does not apply to persons who carry out or assist in the court-ordered imposition of the death penalty. See 225 ILCS 60/4(b) (West 1996). The amendment to the Code of Civil Procedure provides that the Department of Corrections shall notify the appropriate State's Attorney when there is any settlement, verdict or judgment, in excess of $500 against the Department or one of its agents, for damages incurred by a person who was committed to the Department. See 735 ILCS 5/13—202.1(d) (West 1996). The amendment to the Civil Administrative Code made a technical change to bring it into compliance with the name change of the Habitual Child Sex Offender Registration Act to the Sex Offender Registration Act. See 325 ILCS 40/6(k), 7(a) (West 1996).

Defendant has failed to meet his substantial burden of demonstrating that the provisions of Public Act 89—8 bear no natural or logical connection to a single subject.

## DEFENDANT'S SENTENCE

Defendant does not challenge the appellate court's decision to reverse his sentence and remand the cause for resentencing. As the appellate court properly noted, section 10 of the Registration Act states that anyone convicted of a violation of the Act "shall, in addition to any other penalty required by law, be required to serve a minimum period of 7 days confinement in the local county jail" (730 ILCS 150/10 (West 1998)). Additionally, the appellate court correctly held that the State on appeal was properly allowed to challenge defendant's sentence. A sentence below the minimum term established by the legislature is void, and the appellate court may correct the sentence without running afoul of Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)),

which limits the State's right to appeal. *City of Chicago v. Roman*, 184 Ill. 2d 504, 509-10 (1998). Thus, we affirm the appellate court's decision to reverse defendant's sentence and remand the cause for resentencing.

## CONCLUSION

Defendant has not demonstrated that the Registration Act and the Notification Law are unconstitutional. Accordingly, we affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*

JUSTICE HEIPLE, dissenting:

Because the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 *et seq.* (West 1998)) and the Sex Offender and Child Murderer Community Notification Law (Notification Law) (730 ILCS 152/101 *et seq.* (West 1998)) unconstitutionally impose additional punishment upon an offender who has already served his court-imposed sentence for his crime, I dissent.

## FACTS

Following a bench trial on March 20, 1998, defendant was convicted of failing to register as a sex offender as required by the Sex Offender Registration Act (730 ILCS 150/3(a)(2) (West 1998)). This conviction was premised upon defendant's *1988* conviction for aggravated criminal sexual abuse against a person under the age of 18 (see Ill. Rev. Stat. 1987, ch. 38, par. 12—16). For failing to comply with the Registration Act, the trial court sentenced defendant to 18 months' conditional discharge and fined him $500. In addition, the court ordered defendant to comply with the Registration Act.

On appeal, defendant argued that the Registration Act is unconstitutional because, *inter alia*: (1) it violates the *ex post facto* clauses of the United States and Illinois Constitutions (U.S. Const., art. I, § 10, cl. 1; Ill. Const.

1970, art. I, § 16); and (2) it subjects defendant to double jeopardy in violation of the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10). The appellate court rejected defendant's arguments and affirmed defendant's conviction. 306 Ill. App. 3d 665. The majority today affirms the appellate court.

## DISCUSSION

As the majority correctly observes, several of defendant's arguments depend upon whether or not this court characterizes the Registration Act as punishment. 193 Ill. 2d at 419. In holding that the Registration Act does *not* constitute punishment, the majority largely relies upon this court's opinion in *People v. Adams*, 144 Ill. 2d 381 (1991). In that case, this court upheld an earlier version of the Registration Act after holding that requiring sex offenders to register was not punishment. The majority notes, however, that *Adams* is not completely dispositive of the case at bar, because the community notification provisions of the Notification Law were not in effect at the time of the *Adams* decision. 193 Ill. 2d at 419. Indeed, in *Adams*, this court relied in part upon the *absence* of community notification in holding that the Registration Act did not constitute cruel and unusual punishment. This court held:

"We fail to see how any stigma attaches to a registrant that is not already present through his own actions. Although required to register, the information conveyed to law enforcement officials concerning the registrant's criminal history is already available in the public record. The Registration Act simply makes that information more readily available to the police. Furthermore, *the law enforcement community is prohibited from disseminating the information to the public at large on pain of criminal sanctions*. The existence of a 'stigma' requires that the knowledge of the registrant's past transgressions be conveyed to the general public. *Since it is a criminal of-*

*fense for law enforcement officials to convey this information to the public, it is unlikely the information the registrant supplies will be distributed to the public, and so no stigma attaches.*" (Emphasis added.) *Adams*, 144 Ill. 2d at 389-90.

The facts of the instant case are much different from those of *Adams*. Here, pursuant to the provisions of the Notification Law and in stark contrast to the state of the law as it existed in *Adams*, law enforcement officials are affirmatively *required* to disseminate a registrant's personal information to numerous parties, including: school boards; school principals; and child care facilities. In addition, the Notification Law vests officials with the discretion to convey registration information to any person deemed by the officials to be "likely" to encounter any sex offender required to register under the Registration Act. 730 ILCS 152/120(b) (West 1998). Officials are further required to make information on registered sex offenders available for public inspection and copying. Finally, recent amendments to the Notification Law expressly authorize police to publish information concerning certain sex offenders, including the offenders' photographs, in newspapers, on television, or on the Internet. 730 ILCS 152/120(c), (d) (West Supp. 1999).

Together, the Registration Act and the Notification Law have the clear and unmistakable effect of imposing additional punishment upon an offender who has already been tried, convicted, and has served his lawful sentence. These statutes, by design, will often result in shame and humiliation for ex-offenders, causing significant hardship as they attempt to reenter society as useful citizens. Whether this shame and humiliation might, in the view of some, be deserved is beside the point. What matters is that the State has already had its opportunity to impose whatever measure of retribution against defendant the criminal law allows. Once an offender has served his sentence, the punishment must stop. Under the Registra-

tion Act and the Notification Law, however, the punishment continues long after an offender has served his sentence. As such, the provisions of these statutes have far more in common with the historic punishments of branding and banishment than with the law enforcement procedures this court approved in *Adams*. Accordingly, I would hold that the Registration Act and Notification Law unconstitutionally subject defendant to double jeopardy. In addition, because the statutes at issue were enacted subsequent to defendant's 1988 conviction for aggravated criminal sexual abuse, application of these laws to defendant violates prohibitions against *ex post facto* laws, as well.

I therefore respectfully dissent.