NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 180635-U

NO. 4-18-0635

FILED
December 12, 2019
Carla Bender
4ᵗʰ District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ANISH DAVE, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Champaign County |
| LEO P. SCHMITZ, in His Official Capacity as Director | ) | No. 17MR1015 |
| of the Illinois State Police, | ) | |
| Defendant-Appellee. | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Trial court did not err in dismissing plaintiff's complaint for *mandamus* and
declaratory relief.

¶ 2        On August 24, 2018, the trial court dismissed plaintiff Anish Dave's complaint

for *mandamus* and declaratory relief and found no just reason to delay enforcement or appeal of

the court's final order.  Plaintiff appeals, arguing the trial court erred in dismissing his complaint

because his duty to register as a sex offender had terminated and the Illinois State Police (ISP) is

responsible for removing the names of sex offenders from the Sex Offender Database

(Database), which plaintiff sometimes refers to as the Sex Offender Registry, when the

offender's registration obligation ends.  We affirm.

¶ 3                                I. BACKGROUND

¶ 4        On March 21, 2006, plaintiff pled guilty to one count of aggravated criminal

sexual abuse (720 ILCS 5/12-16(d) (West 2004)).  The trial court sentenced plaintiff to probation for 24 months.  That same day, the court entered an additional order, which stated in pertinent part:

>"Pursuant to the judgment upon conviction, the Court hereby enters the following orders:
>
>* * *
>
>Pursuant to 730 Illinois Compiled Statutes 150/2, the Court certifies that [plaintiff] is a *sex offender*.  It is further ordered pursuant to 730 Illinois Compiled Statutes 150/2 that [plaintiff] comply with the requirements of the Sex Offender Registration Act (10 year registration requirement)[.]"

The trial court's order did not order the ISP to remove plaintiff's name from the Database at the end of the 10-year period.

¶ 5        On November 6, 2017, plaintiff filed a petition for writ of *mandamus* against Leo P. Schmitz, in his official capacity as Director of the ISP.  Plaintiff asked the trial court to order ISP to remove his name from the Database.

¶ 6        According to the petition, on March 21, 2006, the trial court entered an order designating plaintiff a sex offender and ordered him to comply with the requirements of the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 through 12 (West 2006)) for a period of 10 years.  More than 10 years after the March 21, 2006, order was entered, plaintiff's name was still on the Database.  In April and May 2017, plaintiff was in contact with ISP about his request for removal of his name.  In June 2017, ISP told plaintiff his name would not be removed from the Database. Plaintiff then obtained legal counsel who also contacted ISP on his behalf.  ISP still refused to remove plaintiff's name.

¶ 7 Plaintiff alleged ISP had a clear legal duty to execute the provisions of the 2006 order and remove his name. He also alleged he was without an adequate remedy at law and was being harmed by ISP's refusal to remove his name.

¶ 8 On February 16, 2018, Schmitz, in his official capacity as Director of ISP, filed a motion to dismiss plaintiff's *mandamus* petition. Schmitz claimed plaintiff failed to state a *prima facie* claim for *mandamus* relief, arguing:

> "Plaintiff is unable to establish the required elements of his mandamus claim because the Sex Offender Registration Act provides no mechanism by which the Defendant can remove an individual's name from the Sex Offender Registry. Further, because [p]laintiff is classified as a sexual predator due to his conviction for Aggravated Criminal Sexual Abuse, the Sex Offender Registration Act requires [p]laintiff to register with the Sex Offender Registry for his natural life and not merely the 10-year period anticipated by the March 21, 2006[,] sentencing order in his criminal case."

Schmitz also argued plaintiff could not establish either he had a clear right to have his name removed from the Database or ISP had a duty to remove his name from the Database pursuant to the Registration Act or the March 21, 2006, order previously discussed. According to Schmitz, "even if [p]laintiff is correct that he need no longer comply with the requirements of the *** Registration Act despite his classification as a sexual predator, he may not utilize mandamus to compel [ISP] to take action to remove his name from the Sex Offender Registry when the *** Registration Act imposes no such duty on [ISP]."

¶ 9 On April 13, 2018, the trial court granted the motion to dismiss and denied plaintiff's petition for a writ of *mandamus*. On May 3, 2018, plaintiff filed a motion for leave to

file an amended complaint, which was attached to the motion. On May 22, 2018, the trial court granted plaintiff's motion for leave to file the amended complaint. The amended complaint contained a count seeking *mandamus* relief and a count seeking declaratory relief. On July 6, 2018, Schmitz moved to dismiss plaintiff's complaint. The request for *mandamus* relief had not changed. Plaintiff had only added a request for declaratory judgment. On August 24, 2018, the trial court granted Schmitz's motion to dismiss, stating the *mandamus* action was not an appropriate action and the declaratory judgment count was not appropriate at that time. The court found no just reason to delay enforcement or appeal of the final order.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12        This court applies a *de novo* standard of review when reviewing a trial court's order granting a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-615 (West 2018)). *Heastie v. Roberts*, 226 Ill. 2d 515, 530-31, 877 N.E.2d 1064, 1075 (2007). A motion to dismiss pursuant to section 2-615 of the Procedure Code challenges the legal sufficiency of the complaint based on defects found on the face of the complaint. In ruling on a motion to dismiss, a court must treat as true the well-pleaded facts and reasonable inferences drawn from those facts. *Heastie*, 226 Ill. 2d at 531, 877 N.E.2d at 1075. "A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Heastie*, 226 Ill. 2d at 531, 877 N.E.2d at 1075.

¶ 13        Plaintiff makes no argument on appeal regarding the dismissal of his count seeking declaratory judgment. However, according to plaintiff, his complaint should not have been dismissed because he pled facts establishing his clear right to a writ of *mandamus*. We

disagree.

¶ 14        *Mandamus* relief is an extraordinary remedy which will not be granted unless the petitioner establishes he has a clear right to the relief requested, the respondent public officer has a clear duty to act, and the public officer has clear authority to comply with the order. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 192-93, 909 N.E.2d 783, 791 (2009). If the act in question involves the exercise of an official's discretion, relief will not be granted. *Konetski*, 233 Ill. 2d at 193, 909 N.E.2d at 791.

¶ 15        Plaintiff's *mandamus* count asked the trial court to order ISP to remove plaintiff's name from the Database. Plaintiff concedes his conviction for aggravated criminal sexual abuse qualified him as a "sexual predator," which should have required him to register pursuant to the Registration Act for the remainder of his natural life (730 ILCS 150/2(E)(1) (West 2018); 730 ILCS 150/7 (West 2018)). However, in the March 21, 2006, order, the trial court miscategorized plaintiff as a "sex offender" and found he only needed to register for a period of 10 years.

¶ 16        In dismissing plaintiff's *mandamus* count, the trial court stated plaintiff no longer had to register because the trial court's March 21, 2006, order only required him to register for 10 years. However, the trial court went on to rule plaintiff did not have the right to require ISP to remove his name from the Database.

¶ 17        Plaintiff points out section 115 of the Sex Offender Community Notification Law (Notification Law) (730 ILCS 152/115 (West 2018)) requires ISP to maintain a Database, making the information available to individuals specified in sections 120 and 125 of the Notification Law and also making information contained in the Database available on the internet. ISP is required to "promulgate rules in accordance with the Illinois Administrative Procedure Act to implement *** subsection (b) and those rules must include procedures to

ensure that the information in the database is accurate." 730 ILCS 152/115(b) (West 2018). Further, section 1282.30(g)(3) of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code § 1282.30(g)(3) (2003)), states: "Notification requirements with respect to a particular sex offender expire when that individual is no longer required to register." However, this same subsection states: "Sexual predators *** are required to register for the period of their natural lives." 20 Ill. Adm. Code § 1282.30(g)(3) (2003).

¶ 18        Relying on the erroneous finding in the 2006 order stating plaintiff is no longer required to register after 10 years, plaintiff argues his name should be removed from the Database pursuant to section 1282(g)(3) of Title 20 of the Administrative Code (20 Ill. Adm. Code § 1282(g)(3) (2003)). Citing section 115(a) of the Notification Law (730 ILCS 152/115(a) (West 2018)), plaintiff also argues retaining his information in the Database undermines the statutory purpose for the Database—identifying sex offenders and making that information available to the persons specified in section 120 of the Notification Law (730 ILCS 152/120 (West 2018))—because his information could become inaccurate. We disagree.

¶ 19        Although some of plaintiff's information on the Database may become outdated, his name and birthdate will not. Considering he should still be required to register as a sex offender for the rest of his life, the inclusion of his name and date of birth on the Database, even if all the other information is not current, serves the legislative purpose behind both the Registration Act and Notification Law, which our supreme court has stated is to help protect children against sexual assault and child abuse. *People v. Adams*, 144 Ill. 2d 381, 391-92, 581 N.E.2d 637, 642 (1991); *People v. Malchow*, 193 Ill. 2d 413, 420, 739 N.E.2d 433, 438 (2000). The Database would be less accurate by completely excluding plaintiff's name. Further, based on the facts in this case, the Department would be violating the Registration Act and Notification

Law by not including plaintiff's name in the Database.

¶ 20    Plaintiff also contends ISP's decision not to remove his name from the Database is arbitrary and capricious because the information about him in the system is useless in informing and protecting the public. Plaintiff relies on *Hoffelt v. Illinois Department of Human Rights*, 367 Ill. App. 3d 628, 867 N.E.2d 14 (2006), to support his argument. In *Hoffelt*, which we note was not a *mandamus* case, the First District noted: "Agency action is arbitrary and capricious when the agency contravenes the legislature's intent, fails to consider a crucial aspect of the problem, or offers an implausible explanation contrary to agency expertise." *Hoffelt*, 367 Ill. App. 3d at 632, 867 N.E.2d at 17.

¶ 21    However, *Hoffelt* cuts against plaintiff's argument. By not removing plaintiff's name from the Database, ISP is following the legislature's intent. The legislature clearly wanted an individual like plaintiff, who had been convicted of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2004)), to register as a sexual offender for the rest of his life. As previously noted, the legislature wanted ISP to make information about individuals like plaintiff available to the public for the purpose of protecting children against sexual assault and sexual abuse. By keeping plaintiff on the Database, ISP is attempting to comply with the Registration Act and the Notification Law.

¶ 22    Based on the allegations in plaintiff's petition for *mandamus* relief, plaintiff does not have a clear right to have his name removed from the Database and ISP does not have a clear duty to remove his name. As a result, the trial court did not err in dismissing the petition for *mandamus* relief. Plaintiff recognizes the trial court erred when it (1) classified him as a sex offender and not a sexual predator and (2) stated he only had to register for a 10-year period. Pursuant to statute, plaintiff should have been required to register for the rest of his natural life.

¶ 23    We decline to address any issue regarding plaintiff's registration obligations based on the trial court's 2006 order, which stated his obligation to register as a sex offender was limited to a 10-year period of time.  We note the court did not order anyone to remove plaintiff's name from the Database after the 10-year period.

¶ 24    III. CONCLUSION

¶ 25    For the reasons stated, we affirm the trial court's judgment in this case.

¶ 26    Affirmed.